```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                    Case No. 2:01-cr-68-FTM-29DNF

WENDELL LEE STRONG
_____

## OPINION AND ORDER

This matter is before the Court on Defendant's Response Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines (Doc. #69), filed on December 15, 2008. The Court shall deem this to be a motion for reduction of sentence under 18 U.S.C. § 3582(c). Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels. Because defendant is not eligible for a reduction of his term of imprisonment under Amendment 706, the motion will be denied.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

At defendant's original sentencing, the Court determined that defendant qualified as a career offender under U.S.S.G. § 4B1.1 and imposed sentence upon defendant as a career offender. Since defendant was sentenced as a career offender, he is not eligible for a reduction pursuant Amendment 706. United States v. Moore, 541 F.3d 1323 (11th Cir. 2008). There is no other valid basis for a sentence reduction.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Response Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines (Doc. #69), deemed to be a motion for reduction of sentence under 18 U.S.C. § 3582(c), is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   16th   day of December, 2008.

JOHN E. STEELE
United States District Judge

Copies:
AUSA Molloy
Wendell Lee Strong
U.S. Probation
U.S. Marshal

2