UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.   Case No. 2:01-cr-68-FTM-29DNF

WENDELL STRONG

_____

**OPINION AND ORDER**

This matter is before the Court on defendant Wendell Strong's *pro se* Motion for Modification or Reduction of Sentence (Doc. #80). The Court appointed the Federal Public Defender (FPD) to represent defendant (Doc. #81), and the FPD filed a Supplement Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines (Doc. #84). The United States filed its Opposition (Doc. #85), to which defendant filed a Supplemental Response (Doc. #86).

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Defendant's sentence was based on his career offender status, not the crack cocaine Sentencing Guidelines. Thus, defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission", as required by § 3582(c)(2). Therefore defendant is not eligible for a reduction pursuant to Amendment 750. United States v. Moore, 541 F.3d 1323 (11th Cir. 2008)(addressing Amendment 706), cert. denied, 129 S. Ct. 1601 (2009); United States v. Allen, No. 11-14649, (11th Cir. Apr. 30, 2012). Unlike Freeman v. United States, 131 S. Ct. 2685 (2011), this case did not involve a guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(C). Additionally, the Court finds nothing in Freeman which undermines Moore, and certainly nothing which would allow the Court to ignore its holding.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Wendell Strong's *pro se* Motion for Modification or Reduction of Sentence (Doc. #80) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of May, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Probation
DCCD
Wendell Strong

2